UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | C/A No.: 6:07-cr-393 |
| ) | |
| ) | **ORDER** |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Charles E. Atwell, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's motion to vacate the guilty verdict and motion for new trial. The defendant filed the present motion on March 4, 2008. The Court construes this motion as a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

The defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Rule 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The rule further states that "[a]ny motion for a new trial grounded on any

reason other than newly discovered evidence must be filed within seven (7) days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

Defendant's request for a new trial is based on his medical problems, specifically his blood sugar level, which he claims rendered him "incapacitated and without full cognizance of what was happening in the court proceedings." (Defendant's Motion 1.) The Court finds that the defendant's basis for the motion is not founded upon newly discovered evidence. Therefore, it should have been filed within seven (7) days of the guilty verdict.

Even if the Court were to consider this motion timely, the Court finds that it is wholly without merit. Assuming Mr. Atwell's blood sugar level was high during the second day of trial, it is clear from the record that this did not impair his mental capacity, nor did it affect his ability to continue with the trial. Defendant's cross-examination of the witnesses, both before and after his alleged sugar level increase, was the same. The Court further notes that it noticed no difference in Defendant's behavior, mannerisms, or physical appearance during the trial.

The trial lasted two days. On the second day of trial, the defendant asked the Court for a continuance, stating that his blood sugar level had risen to 300 and that he did not feel well enough to go forward with the trial. However, when questioned by the Court about his medical condition, the defendant provided no medical evidence to show the Court that he was unable to proceed with the trial.

The Court informed the defendant that it considered his request for a continuance to be another dilatory tactic made for the purpose of disrupting the proceedings. Defendant first stated that he began having problems with his blood sugar during the first day of trial (Trial Tr. 2), yet when the Court questioned the defendant, on the second day of trial, as to why he did not consult his doctor after the Court recessed that afternoon, the defendant stated "[w]e weren't anticipating this happening. It didn't happen yesterday with everything that happened." (Trial Tr. 5.) It is clear from the record that the defendant was merely seeking a way to delay the trial, and the Court concluded that it was another dilatory tactic. The defendant has a history of filing a plethora of pleadings, documents, and motions in this case, all which were determined to be wholly without merit.

After the Court denied the defendant's request, the trial proceeded. There were only a few witnesses left to be called that day, the defendant adequately cross examined each of those witnesses, and the jury rendered a verdict of guilty based on all of the evidence. Therefore, the Court finds that Defendant's alleged medical condition would not have affected the outcome of the trial and DENIES Defendant's motion for a new trial.

IT IS THEREFORE ORDERED that Defendant's motion for a new trial is DENIED.

**IT IS SO ORDERED.**

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 13, 2008

Anderson, South Carolina

NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.